Milligan, J.,
delivered the opinion of the Court.
This suit wras instituted by attachment, in the Circuit Court of Maury County. The action is founded on five promissory notes, amounting, without interest, to the aggregate sum of $2,656.93, due the firm of Trabue & Lucus. The grounds laid for the attachment, in the *622 affidavit, are, that the defendant is about to remove his property from the State; and that they believe he is also about fraudulently to dispose of his property, so as to defeat his creditors in the collection of their debts. Bond was executed, as required by law, and the attachment issued, which was duly returned, levied on the lands and negroes of the defendant.
622
The declaration was filed within the proper time, and in the ordinary form. The defendant pleaded in abatement. The plea assumes to deny the truth of the affidavit, upon which the attachment issued, and also the authority of the Cleric of the Circuit Court to issue the attachment. The plea is, in some respects, in-artificially drawn, and subject to more than one criticism; but, in the aspect of this record, we do not deem it important to discuss its defects, except in one or two particulars. The plea, after informally alleging the matter before indicated, which is in part matter do hors, perhaps, properly enough, concludes as follows:
“And this the defendant is ready to verify; wherefore he prays judgment of said writ, and that the same may be quashed.” [1 Chitty’s Pleadings, 461.]
The plea was filed within time, at the return term, verified as follows:
“Sworn to, and subscribed before me, January the 9th, 1861.
“Samuel P. McG-aw, Clerk.”
After filing the plea, the record shows the cause was continued, by consent of parties, from time to time, until the May Term, 1866; when, upon motion of the defendant, leave was given him to amend the verification *623 of Ms plea in abatement, so as formally to aver, “that it was true in substance, and in fact.” To this amendment, the plaintiffs excepted; which was overruled by the Court, and the amendment allowed. Thereupon, the plaintiffs moved to strike out the plea; which motion was refused.
In this state of the pleadings, so far as the record discloses the facts, at the January Term, 1867, the cause was submitted to a jury, who, it seems, was sworn to “try the issue joined;” and, in their verdict, they find the “issues in favor of the defendant.” Upon this finding of the jury, judgment was pronounced by the Court, discharging the attachment, and rendering judgment against the plaintiffs and their security in the prosecution bond, for costs.
Motions for a new trial, and in arrest of judgment, were entered, and overruled; from which, an appeal to this Court is prosecuted.
It is clear, under the Act of 1789, ch. 1, and the uniform practice of our Courts is, the verification was not sufficient; but it is said, the strictness of the rule adopted under the Act of 1789, has been modified by the Code, section 2901. We do not think so. True, the language employed in the Code is not precisely the same used in the former statute, but it is in substance and effect the same, and cannot, therefore, be held to work any modification of the rule. The plea having been filed without a proper verification, was improperly received by the Court, and might have been treated by the plaintiffs as a mere nullity. They could have moved to have it taken from the file; or they could have *624 taken judgment by default, at any time after the right to a judgment by default accrued, as if no plea had been in, totally disregarding it: Code, sec. 2901; 9 Yer., 10; 10 Hum., 504; 2 Head, 471.
But no such motion was made, or exception taken to the plea, until after its verification was amended under the order of the Court; and now it is insisted that the granting of leave to amend, was error, for which the judgment of the Court ought to be reversed.
Pleas in abatement being regarded as dilatory pleas, and not going to the merits of the action, are to be discouraged, and always taken stricti juris; but prior to the adoption of the Code, which greatly enlarges the power of the Courts in matters of amendment, this Court has held, that it was legally competent for the Circuit Judge, in the exercise of a discretion, to grant amendments to such pleas; and certainly since the extension of the power under the Code, it cannot now be denied. The power to grant amendments in matter of form, of the nature of which the present case is an example, is a legal discretion, resting with the inferior Courts; and without a manifest abuse of that discretion, this Court will not reverse for that reason alone: Helm vs. Rogers, 5 Hum., 105; Rainey and Anderson vs. Saunders, 4 Hum., 447.
The matter of the plea, if formally presented in the present state of our law, by a plea in abatement, and sustained by proof, would have been sufficient to defeat the writ: Harris et al. vs. Taylor, 3 Sneed, 539. But it was not, as we think, so presented. The plea is not strictly formal, but it is obnoxious to the fault of du *625 plicity. Two issues are presented in it; one to the jury, and the other to the Court: one an issue of facts, and the other of law; which is in violation of the plainest principle of pleading: 1 Chitty’s Plead., 532.
But this defect at common law, could only be taken advantage of by special demurrer. The Code, however, section 2882, has expressly changed this rule of the common law, and the Court is authorized to strike out any pleading had for duplicity — unnecessarily prolix— irrelevant or frivolous, on motion of the adverse party. It follows, therefore, that it was error -in the Circuit Court, in overruling the motion of the plaintiffs, to strike out the defendant’s plea in abatement, after the amendment of its verification.
The Circuit Court also erred, we thinK, in overruling the plaintiff’s motion in arrest of judgment. We have already shown that there was no issue tendered to the country in the pleadings; and although the want of a similiter is cured after verdict, the want of a replication is not cured by verdict. The verdict of a jury, without an issue to try, is a nullity, and affords no legal authority for judgment thereon: Mayfield vs. Buck & Hunt, 2 Sneed, 443. A party must demur or plead. One or the other of these courses he is bound to take, (while he means to maintain his action or defense,) until issue be tendered. If he does neither, but confesses .the right of the adverse party, or says nothing, the Court immediately gives judgment for his adversary; in the former case, as by confession; in the latter, by non-pros, or nihil dioit; Stephen’s Pleading, 137—8.
*626 In tbis case, after tbe refusal of the Court to sustain the plaintiff’s motion to strike out the plea in abatement, it was then their duty to reply to the plea, either by a direct traverse or matter in avoidance, and the defendant was bound to rejoin, if need be; and thus the pleadings ought to have been continued until an issue was presented, without which the jury had nothing to try; and their finding “the issues” in favor of the defendant, when none were tendered to the country, must be treated as a mere nullity; and it was error to pronounce judgment upon such verdict.
The question of evidence raised in argument, we do not deem necessary to be determined, as the judgment of the Circuit Court must be reversed, and the cause be remanded, to be further proceeded’ in.